UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE CARD,<br>Plaintiff,<br>v.<br>COUNTY OF ALAMEDA, et al.,<br>Defendants. | Case No. 24-cv-04760-AMO (PR)<br><br>**ORDER OF DISMISSAL** |

**I.    INTRODUCTION**

Plaintiff Christopher Lee Card, who is in custody at the Santa Rita Jail ("SRJ"), filed the instant civil rights action pursuant to 42 U.S.C. § 1983, representing himself. He has been granted leave to proceed *in forma pauperis*. Dkt. 7. In the case at bar, Card seeks punitive and monetary damages. Dkt. 1 at 21.[1] The Court now reviews Card's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court **DISMISSES** the complaint.

**II.   DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). Pleadings submitted by self-represented plaintiffs must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

---
[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Card.

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Card's Claims

#### 1. Background

This is not Card's first action before the Court. Card has filed multiple actions, including a civil right action against the Union City Police Department and two Union City Officers, *Card v. Union City Police* Department, Case No. 23-cv-05613-AMO (PR), in which he alleged that Defendants violated his constitutional rights by illegally arresting him or conducting an illegal search. *See* Case No. 23-cv-05613-AMO (PR), Dkt. 1. On May 7. 2024, the Court dismissed the federal claims in that matter as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See id.*, Dkt. 10.

Meanwhile, in another of Card's previous actions, *Card v. Judge Jason Chin, et al.*, Case No. 23-cv-05760-AMO (PR), Card named Alameda County Superior Court Judge Jason Chin, Alameda County Deputy District Attorney Ikuma, Alameda County Public Defenders Ra and Valentine, and Alameda County Psychologists Drs. Watt and Griffith, many of whom are named in this current suit. *See* Case No. 23-cv-05760-AMO (PR), Dkt. 1. In that action, the Court dismissed his claims for injunctive relief because *Younger* abstention was warranted as to those claims. *See id.*, Dkt. 8 at 3-5 (citing *Younger v. Harris*, 401 U.S. 37, 43-54 (1971)). The Court dismissed without leave to amend all remaining claims for monetary damages against Judge Chin, the deputy district attorney, the public defenders, and the court-appointed psychologists. *See id.* at 5-6.

Since the time that Card filed the present action on January 25, 2024 and to date, he has been incarcerated at SRJ. Card's 20-page complaint is handwritten and, at times, difficult to decipher. *See generally* Dkt. 1. From what the Court could make out, this action is similar to Case No. 23-cv-05760-AMO (PR) in that it does not involve Card's challenge to the conditions of his confinement. *See id.* This is confirmed by his statement under the section he has entitled, "INTRODUCTION & ELUCIDATION," and the paragraph he has listed as "(I)," which states,

"(I) The above do not regard Santa Rita Jail, thus, [e]xhaustion of remedies don't [*sic*] apply." *Id.* at 7. In addition, the present complaint asserts numerous claims about the criminal case against him and his issues with the evaluations regarding his mental competency. *See id.* at 8-10.

Since the background of the instant matter is identical to that in Case No. 23-cv-05760-AMO (PR), the Court includes its summary of Card's 8-page complaint below:

> Card alleges that on June 16, 2023, he faced unspecified charges in the Alameda County Superior Court, but the judge either removed his public defender or allowed Card to represent himself. [Case No. 23-cv-05760-AMO (PR), Dkt. 1] at 5. Sometime in either June, July, or October 2023, Card was interviewed by two different psychologists: Dr. Amy Watt and Dr. Marlin Griffith. *Id.* After various court proceedings involving Card's mental competency, Alameda County Judge Jason Chin found Card incompetent to stand trial on an unspecified date. *Id.* at 6. Card additionally claims the following:
>
>> Being that Judge Chin said "on the record" that he had [Dr.] Watt's report that found me competent, then on 8/11/23 he began a collusion with Joshi Valentine, Sue Ra, Kevin Ikuma, and [Dr.] Amy Watt to deprive [Card] of [his] right to have . . . due process of law, when [the judge] negate[d] [Card's] 7/10 evaluation with Watt citing a false claim that "[Card] refused to meet with Watt." when [the judge] was the person who told the court on 7/28/23 that "he had [the report]" and "Dr. Watt found [Card] competent."
>
> *Id.* Thus, Card seeks monetary damages and
>
>> an injunction to stop the deprivation of [his] civil rights, and to force Judge Chin to honor [Card's] due process . . . rights regarding [Dr.] Amy Watt's first report that [the judge] claimed to have received and stated [Card] being competent to stand trial, [and] because of both [Dr.] Watt and Dr. Griffith's false reports of [Card] being incompetent, [Card is] now "unlawfully" being scheduled for placement in a mental institution on 11/3/23; and it is illegal . . . .
>
> *Id.*[FN 2] Card also requests the Court "please make Judge Chin stop any placement orders or trying to force [Card] to take medication that [he] does not need . . . ." *Id.* Card also seeks punitive damages. *Id.*
>
> [FN 2:] As mentioned above Card is still in custody at Santa Rita Jail as indicated in his latest filing, *see* [Case No. 23-cv-05760-AMO (PR),] Dkt. 7, and thus, contrary to his allegations, there is no indication that he had been transferred to any "mental institution" on November 3, 2023.
>
> Card names the following as Defendants: Judge Chin; Alameda

3

> County Deputy District Attorney Ikuma; Alameda County Public Defenders Ra and Valentine; and Alameda County Psychologists Drs. Watt and Griffith. *Id.* at 2-3. Card claims that these aforementioned Defendants participated in "conspiracy; judicial misconduct; collusion resulting in deprivation of civil rights; perjury; falsification of documents; abuse of process; [and] attorney misconduct." *Id.* at 4.

Case No. 23-cv-05760-AMO (PR), Dkt. 8 at 2-3 (footnotes and brackets in original).

Meanwhile, it seems that the instant action stems from events that occurred in "Alameda County, Rene C. Davidson Superior Court Judge Jason Chin's [Penal Code ("PC")] 1368[2] hearings, and at [SRJ]," and Card sues the County of Alameda alongside eleven named defendants in their individual capacities, including: Alameda County Deputy District Attorney Kevin Ikuma; Alameda County Psychologists Drs. Amy Watt and Marlin Griffith; Alameda County Public Defender Brendon Woods; Alameda County Chief Deputy Public Defender Youseef Elias; Alameda County Deputy Public Defenders Joshi Valentine, Sue Young Ra, Aundrea Brown and Daniel Duvernay; Deputy County Counsel Jill Sazama and Donna Ziegier. *See* Dkt. 1. Card has sued these named defendants individually, stating as follows, "ALL STATE OFFICIALS are being sued in their INDIVIDUAL CAPACITIES" and, therefore, are being named as Defendants . . . ." *Id.* at 7. Card, however, clarifies that all Defendants, other than the County of Alameda, are only liable for "their roles that resulted in the 'deprivation' of [his] 'federally-protected' 'Civil Rights.'" *Id.* Among his claims are: '[18 U.S.C. §] 242: Deprivation of Rights Under the Color of Law'";[3] "[18 U.S.C. §§] 241[4] &242 'Conspiracy Against Rights" & "Deprivation of Rights Under the Color of Law." *Id.* Further, Card sues Deputy County Counsel Jill Sazama for "a separate civil rights violation[] of "negligence per se" and "[r]espondeat superior" liabilities under the California Tort Laws. *Id.*

---

[2] California Penal Code § 1368 sets forth California law as to a defendant's mental competency to stand trial. *See* Cal. Pen. Code § 1368.

[3] 18 U.S.C. § 242 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. *See* 18 U.S.C. § 242.

[4] 18 U.S.C. § 241 makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same). *See* 18 U.S.C. § 241.

### 2. Analysis of Claims

First, Card's claims against Defendant Ikuma are **DISMISSED** because they arise from acts Ikuma undertook in their role as a prosecutor. A prosecutor performs an advocate's role as an officer of the court, conduct for which they are entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). This absolute immunity covers a prosecutor's conduct as "advocates" during the initiation of a criminal case, and so Ikuma cannot be held liable for the claim alleged by Card. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Additionally, Card cannot state a claim for relief under section 1983 against Defendants Woods, Elias, Valentine, Ra, Brown, and Duvernay for their allegedly deficient representation of Card because none of them are state actors, and thus such claims are **DISMISSED.** A public defender does not act under color of state law, an essential element of a claim under section 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments, or even in the initial representation to determine a client's mental competency, as alleged by Card. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

Additionally, Card names Defendants Watt and Griffith in his suit. Dkt. 1 at 7. However, the court-appointed psychologists who examined Card have absolute immunity for the alleged perjury in their statements to the superior court, and all claims against them are **DISMISSED**. A witness is absolutely immune from liability for his testimony in earlier state or federal court proceedings even if he committed perjury. *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983) (police officer witness at trial); *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) (police officer witness at probable cause hearing); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989) (social worker preparing affidavit for use at bail revocation proceeding).

Card also names Defendants Sazama and Ziegier, who are both deputy county counsel, in the current suit. Dkt. 1 at 7. Absolute immunity extends to federal and state agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors. *See Butz v. Economou*, 438 U.S. 478, 514-15 (1978). Absolute immunity is extended to agency officials who perform prosecutorial and judicial

functions because administrative proceedings are usually adversarial in nature and provide many of the same features and safeguards that are provided in court. *See id.* at 513. To the extent that Defendants Sazama and Ziegier were acting in a prosecutorial role, a prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity. *See Buckley*, 509 U.S. at 272-73. As such, Card's complaint fails to state a claim under Section 1983 against these Defendants, and his claims against them are **DISMISSED.**

Finally, Card has not alleged grounds for municipal liability against Alameda County based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under section 1983 under respondeat superior theory). Accordingly, Card's claim against Alameda County is **DISMISSED.**

## III. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** without leave to amend all claims for punitive and monetary damages against all named defendants. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

Further, the Court **CERTIFIES** that any *in forma pauperis* appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**